FREDERICK S. ROGERS, Respondent, v. THE BEAVER COMPANY, Appellant.

Third Department, March 3, 1920.

**Trial — change of place of trial on ground of convenience of witnesses — change to county wherein contract was to be performed and breach occurred.**

On a motion by the defendant to change the place of trial of an action brought to recover the balance due on a sale and delivery of pulp board it appeared that the controversy between the parties hinged almost exclu-

sively on the existence of a warranty and the breach thereof and that many of the plaintiff's witnesses would not be needed as to the issue thus presented.

*Held*, that the motion should have been granted on the ground of the convenience of witnesses and for the further reason that as the goods were to be delivered f. o. b. cars at a point in the county to which the trial is sought to be changed, the place of the performance of the contract, the place of its breach, and the place of the origin of any cause of action was in that county.

APPEAL by the defendant, The Beaver Company, from an order of the Supreme Court, made at the Saratoga Trial Term and entered in the office of the clerk of the county of Saratoga on the 11th day of August, 1919, denying a motion of the defendant to change the place of trial.

*Moot, Sprague, Brownell & Marcy* [*S. Fay Carr* of counsel], for the appellant.

*Rogers & Sawyer* [*John E. Sawyer* of counsel], for the respondent.

H. T. KELLOGG, J.:

This is an appeal from an order denying a motion to change the place of trial of an action from the county of Saratoga to the county of Erie. The complaint alleges an indebtedness consisting of a balance due on a sale and delivery of pulp board. The answer denies the indebtedness, and alleges a sale by sample, a warranty that the pulp board would be suitable for manufacture into wall board, and a breach of the warranty to the damage of the defendant. It specifically alleges that the pulp board was warranted to contain not more than five per cent of moisture, and that much of it in fact contained fifteen per cent. It is apparent from the pleadings and the affidavits that the controversy between the parties hinges almost exclusively upon the existence of a warranty as to water content, and a breach thereof. The defendant asserts that it will prove by three manufacturers residing in Erie county that pulp board containing more than five per cent of moisture is unsuited to the production of wall board, by five residents of such county that the pulp board delivered contained an excess of

water, and by two chemists resident there that much of it contained fifteen per cent of water. The plaintiff does not deny that the pulp board was knowingly sold to be manufactured into wall board, nor that generally pulp board containing more than five per cent of moisture is unfit for such manufacture. He contents himself with swearing that the contract specifications contained no term concerning water content, that the pulp board delivered was suitable for the box board made by the defendant, and that the defendant had used pulp board with a higher moisture content than five per cent. He then asserts that he will produce twenty residents of Saratoga county who will testify to the conclusion that the pulp board furnished corresponded to specifications, viz., specifications which contained no restrictions in regard to moisture. It is apparent that these witnesses will not be needed to meet the issue which will be presented of a warranty as to moisture and its breach. There is a further reason why this motion should have been granted. The pulp board was to be delivered f. o. b. cars at Black Rock in Erie county. The place of performance of the contract, the place of its breach, if any, the place of delivery of excess water, if any, the place of damage done, the place of origin of any cause of action whatever, was a place in Erie county. Other things being equal this fact should determine the motion. If other things here are not equal they certainly do not favor the plaintiff. Therefore, the venue should be changed to Erie county.

The order should be reversed, with ten dollars costs, and the motion granted.

All concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.